IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID J. LOPEZ,

    Plaintiff,

vs.                                                                                                  No. CIV 11-0998 JB/RHS

WARDEN ANTHONY ROMERO,
C/O JAMES CHAVEZ,
C/O ANTHONY ROSALES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court: (i) under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 9, 2011 (Doc. 1)("Complaint"); and (ii) the Plaintiff's Motion for Discovery, filed February 6, 2012 (Doc. 10)("Motion").  Plaintiff David J. Lopez is incarcerated, appears pro se, and is proceeding in forma pauperis.  The Court will dismiss certain of Lopez's claims and will deny the Motion.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."  The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In

reviewing Lopez' Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## LAW REGARDING THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

The Supreme Court of the United States has held that "a prison official's 'deliberate indifference' to a substantial risk of serious harm" implicates the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825, 828 (1994).  An official violates the Eighth Amendment when two elements are met: (i) the official causes an injury that, objectively, is "sufficiently serious," i.e., an injury that equates to the "denial of the minimal civilized measure of life's necessities"; and (ii) the official has a "sufficiently culpable state of mind."  Farmer v. Brennan, 511 U.S. at 834 (internal quotation marks omitted).  The second condition represents the functional application of the deliberate indifference standard.  See Smith v. Cummings, 445 F.3d 1254, 1258-59 (10th Cir. 2006)("To establish a cognizable Eight Amendment claim for failure to protect [an inmate from harm], the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." (quoting Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir. 2003)).

Analyzing whether the plaintiff has satisfied the first element, the objective element, "requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such an injury to health will actually be caused."  Helling v. McKinney, 509 U.S. 25, 36 (1993).  Courts should also consider "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk."  Helling v. McKinney, 509 U.S. at 36 (emphasis in original).  "In other

words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." Helling v. McKinney, 509 U.S. at 36. On the issue of what qualifies as a serious medical problem, it is unnecessary to show that a plaintiff is presently suffering from serious medical problems if the conditions of confinement are certainly or very likely to cause serious injury. See Helling v. McKinney, 509 U.S. at 33. Additionally, it may be in some cases appropriate to look at several conditions of confinement to determine whether they establish an Eighth Amendment violation when combined, if each alone would not do so. See Wilson v. Seiter, 501 U.S. 294, 304 (1991). Courts may only consider conditions of confinement in combination, however, when "they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise -- for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. at 304. Thus, courts should usually consider each condition of confinement separately. Wilson v. Seiter, 501 U.S. at 304-05.

The second element regarding the government official's state of mind is a subjective inquiry. See Wilson v. Seiter, 501 U.S. at 298. Courts apply this subjective inquiry whether the allegations are that a "short-term" or "one-time" violation occurred, or that "continuing" or "systemic" violations occurred. Wilson v. Seiter, 501 U.S. at 299. The Supreme Court has stated: "With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness." Farmer v. Brennan, 511 U.S. at 836. The Supreme Court provided the following test for determining when this subjective element is met:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

>       aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. at 837.  For the purpose of Eighth Amendment analysis, the United States Court of Appeals for the Tenth Circuit has equated deliberate indifference with recklessness. See Belcher v. United States, 216 F.App'x 821, 823-24 (10th Cir. 2007)(unpublished)(quoting Smith v. Cummings, 445 F.3d at 1258).

      In Graham v. Connor, the Supreme Court addressed whether a plaintiff could assert both Eighth Amendment violations and substantive due-process violations in the same suit against government officials alleging that they engaged in physically abusive conduct.  See Graham v. Connor, 490 U.S. at 394-95.  It held that, when a specific constitutional amendment provides "an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct," courts should analyze all constitutional claims under that amendment's standards rather than under "the more generalized notion of 'substantive due process.'"  Graham v. Connor, 490 U.S. at 395.  The Supreme Court gave as an example for this principle "the Eighth Amendment's ban on cruel and unusual punishments," because it is one of the "two primary sources of constitutional protection against physically abusive governmental conduct."  Graham v. Connor, 490 U.S. at 395.  The Supreme Court later clarified that this holding in Graham v. Connor "simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."  United States v. Lanier, 520 U.S. 259, 272 n.7 (1997).  To illustrate this point, the Supreme Court has recognized that, if a search or seizure did not occur, the Fourth Amendment does not cover the situation, and the plaintiff may proceed on a substantive due-process theory.  See Cnty. of Sacramento v. Lewis, 523 U.S. at 842-

844 ("The Fourth Amendment covers only 'searches and seizures,' neither of which took place here. . . . Graham's more-specific-provision rule is therefore no bar to respondents' suit.").

In Riddle v. Mondragon, 83 F.3d 1197 (10th Cir. 1996), the Tenth Circuit addressed a case where the plaintiff asserted claims that they were "denied necessary medical care [in prison] in violation of their rights under the Eighth and Fourteenth Amendments." 83 F.3d at 1202. In determining whether to apply Eighth Amendment standards or substantive due-process standards when reviewing the plaintiffs' claims in Riddle v. Mondragon, the Tenth Circuit noted that, "where constitutional protection is afforded under specific constitutional provisions, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of substantive due process." 83 F.3d at 1202 (citing Berry v. City of Muskogee, 900 F.2d 1489, 1493 (10th Cir. 1990)). Thus, the Tenth Circuit reviewed the plaintiffs' claims for denial of medical care in prison under the Eighth Amendment and did not consider the plaintiffs' substantive due-process theory. See Riddle v. Mondragon, 83 F.3d at 1202 ("Accordingly, we will review plaintiffs' claims under the Eighth Amendment as made applicable to the states through the Fourteenth Amendment.").

## **ANALYSIS**

Lopez alleges that, after a number of confrontations, Defendant C/O James Chavez assaulted him. Chavez also allegedly ordered Lopez to take a urine test and falsified the results. The test showed a positive result for "T.H.C.,"[1] and Lopez was placed in a higher disciplinary custody level. Defendant Warden Anthony Romero denied Lopez' grievances. Lopez also alleges that Defendant C/O Anthony Rosales stole money from Lopez' inmate account. He makes additional allegations

---

[1] Tetrahydrocannabinol, also known as THC, is a "psychoactive isomer[]" present in marijuana. Stedman's Medical Dictionary 1967 (28th ed. 2006).

of denial of recreation and medical care, but does not identify responsible parties. Lopez contends that these actions have violated his constitutional rights, and he seeks damages and certain equitable relief.

No relief is available on Lopez' claims against Romero. His only factual allegations against Romero is that: (i) he rejected Lopez' efforts to obtain administrative relief; and (ii) he placed him "on disciplinary detention Level VI"; and (iii) he charged Lopez fifty dollars for repairs. Complaint at 1-3. "[P]rovision of an administrative grievance process [does not] create a liberty interest in that process." Boyd v. Werholtz, 443 F.App'x 331, 332 (10th Cir. 2011)(unpublished). Accord Merryfield v. Jordan, 431 F.App'x 743, 750 (10th Cir. 2011)(unpublished). "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" Rauh v. Ward, 112 F.App'x 692, 694 (10th Cir. 2004)(unpublished)(quoting Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). Nor "can [officials] be considered deliberately indifferent simply because they failed to respond directly to the [post-deprivation] complaints of a prisoner." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). Furthermore, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). When an inmate's "only allegations involving [particular] defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an 'affirmative link' between these defendants and any alleged constitutional violation." Gallagher v. Shelton, 587 F.3d at 1069. Many of Lopez' allegations against Romero do not amount to more than a complaint that Romero denied his grievances. Consequently, the Court will dismiss Lopez' claim against Romero for denial of grievances.

Lopez' allegations regarding Romero improperly placing him "on disciplinary detention Level VI" and charging him fifty dollars for repairs are conclusory. Complaint at 1-3. An official violates the Eighth Amendment when two elements are met: (i) the official causes an injury that, objectively, is "sufficiently serious," i.e., an injury that equates to the "denial of the minimal civilized measure of life's necessities"; and (ii) the official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. at 834 (internal quotation marks omitted). The Supreme Court provided the following test for determining when this subjective element is met:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. at 837. Lopez does not allege that Romero was aware of any facts that placing him on disciplinary detention was an improper course of action such that it would amount to deliberate indifference, or that Romero drew such an inference. See Farmer v. Brennan, 511 U.S. at 837. Furthermore, Lopez alleges no facts that would establish that, taking as true that Romero improperly charged Lopez fifty dollars, Romero charging Lopez this amount rises beyond the level of merely negligent conduct to deliberately indifferent conduct. There are no allegations that Romero was aware of facts from which he could draw the inference that Lopez had committed no misconduct.

Lastly, Lopez' constitutional claims against Romero that are based on improper treatment in prison would have to be brought under the Eighth Amendment. When a specific constitutional amendment provides "an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct," courts should analyze all constitutional claims under that amendment's standards rather than under "the more generalized notion of 'substantive due

process.'" Graham v. Connor, 490 U.S. at 395.  The Supreme Court gave as an example for this principle "the Eighth Amendment's ban on cruel and unusual punishments," because it is one of the "two primary sources of constitutional protection against physically abusive governmental conduct." Graham v. Connor, 490 U.S. at 395.  Thus, dismissal of the Fourth and Fourteenth Amendment claims against Romero is appropriate under Graham v. Connor.

Additionally, Lopez's Motion seeking discovery is premature.  The Court's local rules exclude this prisoner civil rights case from the usual pretrial case management procedures.  See D.N.M.LR-Civ.16.3(d).  The Court has not entered a scheduling order, and the record reflects no agreement by the parties to start discovery on their own.  See D.N.M.LR-Civ. 26.4(a), 26.5(a).  The Court will deny the Motion without prejudice at this time.  The Defendants need not respond to Lopez' discovery request at this time, and discovery will not commence except on further order.

**IT IS ORDERED** that (i) the Plaintiff's Motion for Discovery, filed February 6, 2010 (Doc. 10), is denied without prejudice at this time; (ii) his claims against Defendant Warden Anthony Romero are dismissed, and Romero is dismissed as a party to this action; and (iii) the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendants C/O James Chavez and C/O Anthony Rosales.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

David J. Lopez
Penitentiary of New Mexico
Santa Fe, New Mexico

    *Plaintiff pro se*