IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID J. LOPEZ,

        Plaintiff,

v.                                                                                       CIV-11-00998 JB/RHS

JAMES CHAVEZ and
ANTHONY ROSALES

        Defendants.

## DEFENDANTS' ANSWER

Defendants Chavez and Rosales (hereinafter 'Defendants'), by and through their undersigned counsel, hereby answer Plaintiff's Civil Rights Complaint (hereinafter "Complaint").

## SUMMARY AND STATUS OF THE CASE

Plaintiff's pro se Complaint, pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1915(e) (2), was filed 9 November 2011 (Document 1). Plaintiff alleges that Defendants violated his rights under Amendments IV and XIV of the United States Constitution by alleging as follows: that on 4 May 2011, Defendant Chavez 'assaulted' (battered) Plaintiff and falsified a misconduct report against Plaintiff, an inmate lawfully incarcerated in the New Mexico Corrections Department's (NMCD) Penitentiary of New Mexico (PNM) at Santa Fe. Plaintiff alleges that Defendant's false misconduct report of Plaintiff resulted in the Plaintiff being improperly placed in 'disciplinary detention Level VI'. See Document 1, page 2 of 14, Para. B.1 'Nature of the Case' Plaintiff alleges that Defendant Rosales stole money from the Plaintiff's inmate trust account on, respectively, 11 May and 12 July 2011, for a total alleged loss to the Plaintiff in the amount of: thirty-five dollars ($35.00). Ibid. at pp. 9-10 of 14.

Plaintiff does not allege any state constitutional or statutory rights violations in his complaint.

On 20 April 2012, the Court, *sua sponte*, ruled on Plaintiff's Complaint in its Memorandum Opinion and Order (Document 13), dismissing Plaintiff's claim(s) against Defendant Warden Anthony Romero. Per the Order, Defendants Chavez and Rosales remain named defendants, represented by the undersigned.

Defendants do not contest either jurisdiction or venue.

In this complaint, Plaintiff seeks monetary relief, to include: punitive damages ($500,000.00); unspecified damages ($500,000.00); and injunctive relief, to wit: that NMCD fire its employee, Defendant Anthony Rosales, and "prosecute" same.  The Defendants more fully address the relief sought below but here aver that the relief sought is not merited by the facts, is excessive, and/or is outside the power of this, or any other court, to grant.

### PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT CHAVEZ CONTAINED ON PAGES 2, PARAGRAPH B/1 AND ET SEQ.

Regarding the allegations made against Defendant Chavez and the claims also cited above, the Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and therefore deny same.

Defendant Chavez denies all relevant allegations that he violated any of Plaintiff's civil rights, and demand strict proof thereof.

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant Chavez denies that any of Plaintiff's stated claims for relief state a valid claim for relief, deny that he has violated any of Plaintiff's rights under the United States Constitution or any other applicable law, and denies any wrongdoing on his part.

*Z:\ROBERTSON, PETER\INMATE CASES (FEDERAL, STATE, ETC.)\2.FEDERAL CASES\LOPEZ, David J. v. James Chavez & Anthony Rosales 11-CIV-998 JB-RHS\20120518_ANSWER_LOPEZ, David J. v. James Chavez et al_CV 11-998 JB RHS.doc*

Page 2

Defendant Chavez denies that Plaintiff is entitled to fees, costs, compensatory or punitive damages, pre- or post-judgment interest, or any other relief requested.

Defendant Chavez denies any other allegation contained in the Complaint that he has previously failed to address or deny.

### PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT ROSALES CONTAINED ON PAGES 2, PARAGRAPH B.1, AND PAGE 10, COUNT I1I

Regarding the allegations made against Defendant Rosales and the claims also cited above, the Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations and therefore denies same.

Defendant Rosales denies all relevant allegations that he violated any of Plaintiff's civil rights, and demand strict proof thereof.

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant Rosales denies that any of Plaintiff's stated claims for relief state a valid claim for relief, denies that he violated any of Plaintiff's rights under the United States Constitution or any other applicable law, and denies any wrongdoing on his part.

Defendant Rosales denies Plaintiff is entitled to fees, costs, compensatory or punitive damages, pre- or post-judgment interest, or any other relief requested.

Defendant Rosales denies any other allegation contained in the Complaint that he has previously failed to address or deny.

### PLAINTIFF'S INJUNCTIVE RELIEF

Plaintiff seeks injunctive relief, to wit: that the NMCD fire the named employee-defendant Anthony Rosales and further that the NMCD "prosecute" Defendant Rosales. See Document 1, Page 12 of 14, Paragraph E.1, 'Request for Relief'.

*Z:\ROBERTSON, PETER\INMATE CASES (FEDERAL, STATE, ETC.)\2.FEDERAL CASES\LOPEZ, David J. v. James Chavez & Anthony Rosales 11-CIV-998 JB-RHS\20120518_ANSWER_LOPEZ, David J. v. James Chavez et al_CV 11-998 JB RHS.doc*

*Page 3*

As an aside, the Court is well aware that the executive branch prosecution function for state crimes is typically assigned to the local district attorney's office and is not within the ambit of the NMCD.

In determining such requests, the Courts are obliged to use a four-pronged test to justify injunctive relief, being:

> (1)     the moving party will suffer irreparable injury unless the injunction issues;
>
> (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Resolution Trust Corp. v. Cruce, 972 F. 2d 1192, 1198 (10th Cir. 1992).

Plaintiff here fails every one of these prongs of this test.  He fails to show how he will suffer irreparable injury if this injunctive relief is not granted; specifically, he fails to demonstrate that Defendant Rosales caused him an irreparable injury to his person by Rosales' alleged theft or conversion of Plaintiff's trust funds.  With respect to the second prong, Plaintiff has failed to demonstrate that Defendant Rosales poses a continuing threatened of injury – presumably, further pecuniary loss - to the Plaintiff  in such a way that the proposed relief outweighs the damage that the proposed  relief does pose to the defendants. If granted, the Court would, in effect, placing the correctional officer's employer, NMCD, in the position of facing a wrongful termination lawsuit, in the absence of evidence of this employee's alleged misconduct. As to this second prong, to grant such injunctive relief would be to do so when Plaintiff's claims, if any, to "irreparable injury" are, at best, speculative.

*Z:\ROBERTSON, PETER\INMATE CASES (FEDERAL, STATE, ETC.)\2.FEDERAL CASES\LOPEZ, David J. v. James Chavez & Anthony Rosales 11-CIV-998 JB-RHS\20120518_ANSWER_LOPEZ, David J. v. James Chavez et al_CV 11-998 JB RHS.doc*

*Page 4*

Plaintiff also fails the third prong of the Resolution Trust Corp. test, in the absence of any proof that he, the Plaintiff, might suffer 'irreparable injury' were this injunctive relief not granted, it stands to reason that any proposed injunctive relief is adverse to the public interest. Again, Plaintiff asks of the Court to entangle itself in the operation of a prison or a prison system, in the absence of evidence of systemic abuses within that prison, and even in the absence that Rosales, while under the color of law, abused his authority over the Plaintiff and stole or otherwise converted funds from this Plaintiff's inmate trust account.

Finally, the Plaintiff fails to prove up a substantial likelihood that he will prevail on the merits. He has offered no proof that Rosales converted or otherwise stole funds from the Plaintiff's trust account, or even that Rosales would have had either the opportunity or the means to effect such an injury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is vague and conclusory and it fails to give fair notice and state the elements of the claim plainly and succinctly.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is devoid of any factual allegations that would affirmatively link the Defendants Chavez and Rosales to the alleged constitutional violations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted in that he has failed to plead facts or law, which would bring his complaint within 42 U.S.C. §1983.

*Z:\ROBERTSON, PETER\INMATE CASES (FEDERAL, STATE, ETC.)\2.FEDERAL CASES\LOPEZ, David J. v. James Chavez & Anthony Rosales 11-CIV-998 JB-RHS\20120518_ANSWER_LOPEZ, David J. v. James Chavez et al_CV 11-998 JB RHS.doc*

*Page 5*

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part under the Prison Litigation Reform Act because of his failure to exhaust his administrative remedies.  Specifically, the more appropriate venue to bring these claims would have been to first exhaust the internal NMCD grievance procedure (which he only alleges to have done), before then proceeding to the state courts for relief.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part or whole by the doctrine of qualified immunity.

SIXTH AFFIRMATIVE DEFENSE

All actions of which Plaintiff complains had a valid, rational connection to legitimate penological interests and were carried out in the good-faith performance by Defendants under state law and NMCD policies.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, pursuant to the holding in <u>Smith v. Wade</u>, 461 U.S. 360, 56 (1983), absent a finding that the Defendants' conduct herein is 'shown to be motivated by evil motive or intent' or that it "involves reckless or callous indifference to the federal protected rights of others."

In this cause, Plaintiff assert that he is entitled to $500,000.00 in punitive damages, apparently due to  Defendant Chavez battering him while Rosales allegedly stole or converted from his inmate trust account the amount of thirty-five dollars ($35.00).  Without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations, Defendants, again, deny same. In the absence of proof for such claims, Plaintiff has failed to demonstrate the

*Z:\ROBERTSON, PETER\INMATE CASES (FEDERAL, STATE, ETC.)\2.FEDERAL CASES\LOPEZ, David J. v. James Chavez & Anthony Rosales 11-CIV-998 JB-RHS\20120518_ANSWER_LOPEZ, David J. v. James Chavez et al_CV 11-998 JB RHS.doc*

*Page 6*

Defendants' "evil intent" or "reckless or callous indifference to the federal protected rights of others." Hence, punitive damages are not here warranted and should not be granted.

WHEREFORE, Defendants pray that, for the reasons stated above, Plaintiff's Complaint be dismissed with prejudice, that Plaintiff recover nothing by virtue thereof, and for such other and further relief that the Court deems just and proper.

> Respectfully submitted,
>
> OFFICE OF GENERAL COUNSEL
> NEW MEXICO CORRECTIONS DEPT.
>
> */s/ Peter A. Robertson*
> Peter A. Robertson
> Deputy General Counsel
> P.O. Box 27116
> Santa Fe, NM 87502-0116
> (505) 827-8289

### Certificate of Service

I hereby certify that on this 21st day of June, 2012, I filed the foregoing electronically through the CM/ECF system, and the following non-CM/ECF participant was served via first class mail: plaintiff pro se, Inmate David J. Lopez  No. 48580, LCCF, 6900 W. Millen Dr., Hobbs, NM 88244.

> */s/ Peter A. Robertson*
> Peter A. Robertson

*Z:\ROBERTSON, PETER\INMATE CASES (FEDERAL, STATE, ETC.)\2.FEDERAL CASES\LOPEZ, David J. v. James Chavez & Anthony Rosales 11-CIV-998 JB-RHS\20120518_ANSWER_LOPEZ, David J. v. James Chavez et al_CV 11-998 JB RHS.doc*

*Page 7*