IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID J. LOPEZ,

    Plaintiff,

v.                                        Civil No. 11-cv-998 JB/RHS

JAMES CHAVEZ and
ANTHONY ROSALES,

    DEFENDANTS.

## ORDER REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES

THIS MATTER is before the Court *sua sponte*. Plaintiff is proceeding *pro se* in this civil rights lawsuit. In his complaint, Plaintiff alleges that during his incarceration he was assaulted and battered by Defendant James Chavez, that Defendant Chavez filed a falsified misconduct report, and that Defendant Anthony Rosales stole or converted certain funds from Plaintiff's inmate account (Doc. 1). Plaintiff seeks money damages. Among their affirmative defenses, Defendants James Chavez and Anthony Rosales contend that Plaintiff's federal claims "are barred in whole or part by the Prison Litigation Reform Act because of his failure to exhaust his administrative remedies." [Doc. 17 at 6]

The Prison Litigation Reform Act ("PLRA") provides, *inter alia*, that "[n]o action . . . with respect to prison conditions" under § 1983 may be brought "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff was incarcerated at the time he filed this action, he is required to comply with the exhaustion requirement. <u>Norton v. The City of Marietta, Okla.</u>, 432 F.3d 1145, 1150-51 (10th Cir. 2005). However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." <u>Roberts v. Barreras</u>, 484 F.3d 1236, 1240

(10th Cir. 2007) (citing <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007).   Rather, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." <u>Roberts</u>, 484 F.3d at 1241.

Accordingly, Defendants will be directed to file briefs (or, in the alternative, appropriate motions) addressing whether Plaintiff complied with the PLRA's exhaustion requirement prior to filing his Complaint in this case.   If Defendants contend that Plaintiff failed to exhaust his administrative remedies, Defendants shall state what administrative remedies, if any, are currently available to Plaintiff.   Defendants shall attached legible copies of any and all applicable policies, grievances, grievance logs, affidavits and other materials pertaining to the issue of Plaintiff's exhaustion of administrative remedies.   Plaintiff shall be permitted an opportunity to respond to Defendants' briefs or motions.

WHEREFORE, IT IS ORDERED that Defendants shall file briefs (or, in the alternative, appropriate motions) on or before October 25, 2012 addressing whether Plaintiff complied with the PLRA's exhaustion requirement prior to filing his Complaint.

IT IS FURTHER ORDERED that Plaintiff shall have twenty (20) days after being served with a copy of Defendants' briefs or motions to file a response.

_____
ROBERT HAYS SCOTT
UNITED STATES MAGISTRATE JUDGE