**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID J. LOPEZ,

      Plaintiff,

v.                                        CIV-11-00998 JB/RHS

JAMES CHAVEZ and
ANTHONY ROSALES

      Defendants.
             Defendants.


**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, TO DISMISS</u>**

      COME NOW Defendants, by and through their undersigned counsel, and pursuant to

Fed.R.Civ.P. 56 (b), hereby move this Court to enter an order for summary judgment or

alternatively to dismiss Plaintiff's entire Complaint against them, with prejudice.   Defendants

have concurrently filed a Memorandum Brief in support of this Motion, with supporting

affidavit(s) and exhibits.   The grounds for this Motion,  more fully argued in the Memorandum

Brief, are that the Prison Litigation Reform Act (PLRA) bars Plaintiff's claims, brought herein

pursuant to §1983, as Plaintiff has failed to exhaust his administrative remedies.

      Due to the dispositive nature of this Motion, Plaintiff's concurrence to the Motion was

not sought.  Further, under D.N.M.LR-Civ. 7.4(b), the movant need not request concurrence in

inmate *pro se* cases.

      WHEREFORE, Defendants respectfully request that its Motion be granted in its entirety,

and that Plaintiff's entire Complaint be dismissed with prejudice.

                                OFFICE OF GENERAL COUNSEL
                                NEW MEXICO CORRECTIONS DEPT.

  /S/ Peter A. Robertson
Peter A. Robertson
Deputy General Counsel
P.O. Box 27116
Santa Fe, NM  87502-0116
(505) 827-8691

**Certificate of Service**

I hereby certify that on this 25th day of October 2012, the foregoing was filed electronically via CM/ECF, and the following non-CM/ECF participant was served via us mail: plaintiff pro se, David J. Lopez, 9504 Claremont NE, Albuquerque, NM 87112.

/S/ Peter A. Robertson
Peter A. Robertson

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID J. LOPEZ,

                    Plaintiff,

v.                                                           CIV-11-00998 JB/RHS

JAMES CHAVEZ and
ANTHONY ROSALES

                    Defendants.


**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT**

**I.A.  INTRODUCTION**

On 11 September 2011, Plaintiff *pro se* filed a Complaint (Doc. 1), brought pursuant to

28 U.S.C. §1983 and alleging violations of his constitutional rights pursuant to Amendments IV,

XIV and, by inference, VIII, of the United States Constitution.

Plaintiff's allegations appear to be thus: that, on or about the 4th of May 2011, Plaintiff

engaged in a physical altercation with Defendant James Chavez.  Following said altercation,

Plaintiff alleges that then-Warden Anthony Romero failed to respond to this Plaintiff's inmate

grievances; improperly disciplined the Plaintiff; colluded with or acquiesced to Defendants'

Rosales' and/or Chavez' trumped-up misconduct allegation(s) (i.e., a false urinalysis), and

otherwise caused the Plaintiff to suffer even greater strictures on his liberty by being

incarcerated, to include 'loss of recriation' (sic), and loss of 'good time'. As a result of this

alleged cabal between Chavez, Rosales and Romero, Plaintiff alleges claims of a property nature,

specifically as to his claim of the loss or theft of his high-blood pressure medicine and also,

apparently, as to his purchase of a radio, valued variously between sixteen and nineteen dollars ($16-$19.00) (See Doc. 1, pp. 8 – 10).

It should be noted that, at the time of the 4 May 2011 incident, Plaintiff was lawfully incarcerated at the Central New Mexico Corrections Facility (CNMCF), at Los Lunas, wherein it appears that Defendants Chavez and Rosales and then-Warden were employed.

Plaintiff prays the following relief: 1) the demotion of then-Warden Anthony Romero; that (NMCD) '(t)o fire and prosecute (named defendant) Anthony Rosales'; and '(t)o sue for ($)500,000(.00), for punitive damages ($) 5,000,000(.00)." (Doc.1, p. 12, 'request for Relief')

Pursuant to Fed. R. Civ. P. 12 (b)(6) and 56 (b), Defendants move to dismiss the Complaint against them and file this Memorandum Brief in support of their Motion.

## I.B. <u>STANDARD OF REVIEW</u>

A District Court should dismiss a complaint pursuant to Rule 12(b)(6) for failing to state a claim for relief if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing <u>Conley v.Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957)).  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  <u>Hall</u>, 935 F.2d at 1109.  If a plaintiff is proceeding *pro se*, the court should liberally construe his pleadings and hold the pleadings to a less stringent standard than formal pleadings drafted by attorneys.  <u>Id</u>. at 1110.  However, the plaintiff still has the burden of alleging sufficient facts on which a recognized legal claim could be based, and conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  <u>Id</u>. at 1110 (citations omitted).

## II.  ARGUMENT

### A.   PLAINTIFF'S FAILURE TO INITIATE AND EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES WARRANTS DISMISSAL OF THIS ACTION WITH PREJUDICE

In its 26 September 2012 Order (Doc. 19), the Court specifically directed the Defendants to address in this pleading the issue of the Plaintiff's exhaustion, or lack thereof, of his administrative remedies.

The Prison Litigation Reform Act of 1995 provides at 42 U.S.C. §1997e(a)(1):

> "No action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Congress amended §1997e to make the exhaustion provisions mandatory rather than directory.  Garrett v. Hawk, 127 F.3d 1263, 1265 (10th Cir. 1997).  Plaintiff does make rather inchoate allegations that he did initiate available administrative remedies regarding his allegations against the named defendants, while also alleging that Department staff – specifically then-Warden Romero – failed to respond to his complaints. However, as the attached affidavit and exhibits demonstrate, there exists no record that Plaintiff in act submitted any grievance beyond the level of the prison at which was then incarcerated. Precedent in this Circuit is clear that an inmate's lawsuit must be dismissed if it is demonstrated that the inmate has not first exhausted his administrative remedies.  See, Grimsley v. Rodriguez, 113 F.3d 1246, 1997 WL 235613 (10th Cir. 1997) (unpublished decision) (Prisoner's failure to exhaust his administrative remedies requires dismissal of his case pursuant to 42 U.S.C. §1997(e) (a); the requirement for exhaustion is not a technicality, but the law federal courts must follow).

Significantly, all known grievances for which these Defendants have a record originated at the Lea County Correctional Facility (LCCF), at Hobbs, not the CNMCF at Los Lunas.

Defendants here aver that the Plaintiff has failed to exhaust his administrative remedies. In support of this defense, the Defendants respectfully draw the Court's Attention to the following exhibit(s):

1.      Exhibit No. 1, being the affidavit of Ralph Casaus (Casaus), the New Mexico Corrections Department's (NMCD) grievance coordinators, indicating that the Plaintiff failed to adhere to the relevant policy regarding inmate grievances and has failed to exhaust his administrative remedies. (See BS 00001 – 00006).

2.      Exhibit No. 2, being a copy of the NMCD's Criminal Management Information System (CMIS) database-generated grievance log, generated with respect to this inmate-plaintiff's name and NMCD-issued number, one (1) page in length, indicating that Plaintiff has, for all periods of incarceration with the NMCD, submitted six (6) grievances.  Of these six (6) grievances, it appears that, as Affiant Casaus indicates in his affidavits, Plaintiff's earliest three (3) grievances (00-495, 00-507, and 00-512) were all submitted in the year 2000, but that there no longer exists a paper or other copy of these grievances. Of these three (3) grievances, two (2) entries (00-507 and 00-512) indicate the basis of the grievance being 'staff harassment', in that Plaintiff alleged that he was not permitted to eat. The remaining grievance log entry (00-495) indicates only an allegation as to 'legal access'. (See BS 00007).

3.      Exhibit No. 3, being a copy of this inmate's grievance no. 12-07-14, received by the Lea County Correctional Facility (LCCF) grievance officer on 16 July 2012, and in which Plaintiff's alleges property loss, specifically a television set. In responding to said grievance, the grievance

officer at LCCF denied said grievance because the items allegedly lost were not listed on any property inventory sheet. (See BS 00008 – 00011).

4.      Exhibit No. 4, being a copy of this inmate's grievance no. 12-07-13.  This grievance is:

      a.      One (1) page in length;

      b.          Classified as an 'informal' complaint; and

      c.      Appears to allege some property loss occurring around the time of the inmate's arrival at LCCF, on or about 7 June 2012.

      d.      There exists no log entry for this specific informal grievance. (See BS 00012).

5.      Exhibit No. 5, being a copy of this inmate's grievance no. 12-07-12.  This grievance is:

      a.      One (1) page in length;

      b.      Classified as an 'informal' complaint; and

      c.      Appears to allege that the inmate-plaintiff's property – high-blood pressure medicine – was lost or improperly confiscated around the time of the inmate's arrival at LCCF, on or about 1 June 2012.

      d.      There exists no log entry for this specific informal grievance. (See BS 00013).

6.      Exhibit No. 6, being a copy of this inmate's grievance no. 12-07-10, , received by the Lea County Correctional Facility (LCCF) grievance officer on 16 July 2012, and in which Plaintiff's alleges inchoate property loss and also, more specifically, that his high blood pressure medicine was (improperly) confiscated. It appears that, on the recommendation of the LCCF grievance officer, the LCCF warden determined that this grievance, for reasons unknown, "resolved". (See BS 00014 – 00016).

7.      Exhibit No. 7, being a copy of this inmate's grievance no. 12-07-09, received by the Lea County Correctional Facility (LCCF) grievance officer on 16 July 2012, and in which Plaintiff's

alleges that, on or about 31 May 2012, he was still being denied his high blood pressure medicine.  It appears that, on 21 August 2012, the LCCF warden determined that, upon the recommendation of the grievance, this grievance was resolved, in that LCCF medical staffs were taking steps to monitor plaintiff's blood pressure, administering 'dose by dose' replacement medicine, and had ordered replacement medicine. (See BS 00017 – 00020).

8.      Exhibit No. 8, being a copy of NMCD policy CD 150500, Inmates Grievances, dated as 'revised/reviewed' on 25 January 2012. (See BS 00021 – 00042).

9.      Exhibit No. 9, being a copy of NMCD policy CD 150500, Inmates Grievances, dated as 'revised/reviewed' on 23 February 2011. (See BS 00043 - 00063).

With respect to the last two (2) enumerated exhibits, nos. 8 and 9, the Court is respectfully directed to the following pertinent parts of said policies:

1.      Ex No. 8:

    a.      BS 00022, 'Definitions', and:

        i.       Paragraph E, "Grievance";

        ii.      Paragraph F, "Grievance Coordinator";

        iii.     Paragraph G, "Grievance Officer";

    b.      BS 00025 - 00026, Paragraph 'D. Grievability', Paragraph 1, as to items that an inmate may grieve, to include:

        i.      Subparagraph a, regarding property loss;

        ii.          Subparagraph b, regarding 'individual employee actions';

        iii.     Subparagraph d, regarding "(a)ny other matter relating to conditions of care or supervision within the authority of the New Mexico Corrections Department or its contractors, except as noted herein."

c.      BS 00026, Paragraph 'D. Grievability', Sub-[paragraph 2, as to items that an inmate <u>cannot</u> grieve, to include:

    i.      Subparagraph c. Any matter involving disciplinary procedure and findings. A separate appeal process is provided by Department policy for disciplinary actions.

    ii.     Paragraph 3, which in pertinent part reads: "If a grievance is ruled non-grievable at any level, that decision may not be appealed through the remaining levels of the grievance procedure."

d.      For a detailed explanation of the actual grievance process, the Court is respectfully directed to CD 150501 (BS 00029 – 00035), being the supporting sub-policy to the larger inmate grievance policy.  Said policy also contains the appropriate forms. Pertinent parts of said process include:

    i.      As to the inmate-grievant's responsibilities, the Court is respectfully directed to BS 00029 – 00031.

    ii.     As to the duties of the prison-level grievance officer, the Court is respectfully directed to BS 00031 - 00032.

    iii.    As to the duties of the prison warden, the Court is respectfully directed to BS 00032 - 00033.

    iv.     As to the process by which an aggrieved inmate may appeal his grievance, up to and including to the level of the Corrections Secretary is respectfully directed to BS 00033-35.

    v.      For the relevant forms, the Court is respectfully directed to CD-150501.1 and CD-150501.3, at BS 00035 - 00042.

2.     Exhibit No. 9:

    a.     BS 00044 'Definitions' and:

        i.      Paragraph E, "Grievance";

        ii.     Page 2, 'Definitions', Paragraph F, "Grievance Coordinator";

        iii.    Page 2, 'Definitions', Paragraph G, "Grievance Officer".

    b.     BS 00047 – 00048, Paragraph 'D. Grievability', Sub-Paragraph 1, as to items that an inmate may grieve, to include:

        i.      Subparagraph a, regarding property loss;

        ii.      Subparagraph b, regarding 'individual employee actions';

        iii.    Subparagraph d, regarding "(a)ny other matter relating to conditions of care or supervision within the authority of the New Mexico Corrections Department or its contractors, except as noted herein."

    c.     BS 00048, 'D. Grievability', Paragraph 2, as to items that an inmate <u>cannot</u> grieve, to include:

        i.      Subparagraph c. Any matter involving disciplinary procedure and findings. A separate appeal process is provided by Department policy for disciplinary actions.

    d.     Page 6, 'D. Grievability', Paragraph 3, which in pertinent part reads: "If a grievance is ruled non-grievable at any level, that decision may not be appealed through the remaining levels of the grievance procedure."

    e.     For a detailed explanation of the actual grievance process, the Court is respectfully directed to CD 150501 (See BS 00051 – 00056), being the supporting sub-

policy to the larger inmate grievance policy.  Said policy also contains the appropriate forms. Pertinent parts of said process include:

    i.      As to the inmate-grievant's responsibilities, the Court is respectfully directed to CD-150501, (See BS 00051 – 00053).

    ii.      As to the duties of the prison-level grievance officer, the Court is respectfully directed to CD 150501, BS 00053, paragraph B.

    iii.      As to the duties of the prison warden, the Court is respectfully directed to BS 00053 - 00054, paragraph C.

    iv.      As to the process by which an aggrieved inmate may appeal his grievance, up to and including to the level of the Corrections Secretary is respectfully directed to BS 00054 - 00055, Paragraph D.

    v.      For the relevant forms, the Court is respectfully directed to CD-150501.1 and CD-150501.3, at BS 00057 - 00063.

The Court is also respectfully directed to Defendant's Exhibit No. 10, being the affidavit of NMCD Policy Administrator Michelle Jaramillo, attesting to the authenticity of Exhibits Nos. 8 and 9, the two aforementioned policies.   (See BS 00064 – 00066)

### III. CONCLUSION AND PRAYER FOR RELIEF

Plaintiff's claims or allegations fail for his failure to exhaust his administrative remedies prior to initiating his claim herein and hence lawsuit is barred by the Prison Litigation Reform Act.

WHEREFORE, for all of these reasons, Defendants respectfully request that Plaintiff's entire Complaint be dismissed with prejudice.

OFFICE OF GENERAL COUNSEL

NEW MEXICO CORRECTIONS DEPT.

  /S/ Peter A. Robertson
Peter A. Robertson
Deputy General Counsel
P.O. Box 27116
Santa Fe, NM  87502-0116
(505) 827-8691

**<u>Certificate of Service</u>**

I hereby certify that on this 25th day of October 2012, the foregoing was filed electronically via CM/ECF, and the following non-CM/ECF participant was served via us mail: plaintiff <u>pro se</u>, David J. Lopez, 9504 Claremont NE, Albuquerque, NM 87112.

/S/ Peter A. Robertson
Peter A. Robertson

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID J. LOPEZ,

       Plaintiff,

v.                                              CIV-11-00998 JB/RHS

JAMES CHAVEZ and
ANTHONY ROSALES

       Defendants.

**DEFENDANTS' EXHIBITS IN SUPPORT OF THEIR
MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR FOR
SUMMARY JUDGMENT**

| Exhibit No. | Item | No. of Pages | BS from | BS to |
|---|---|---|---|---|
| 1 | Affidavit, Ralph Casaus. Grievance Coordinator, NMCD | 6 | 00001 | 00006 |
| 2 | Log, Grievances, Inmate No. 48580, LOPEZ, David J. | 1 | 00007 | 00007 |
| 3 | Grievance No. 12-07-14, LOPEZ, David J. | 4 | 00008 | 00011 |
| 4 | Grievance No. 12-07-13, LOPEZ, David J. | 1 | 00012 | 00012 |
| 5 | Grievance No. 12-07-12, LOPEZ, David J. | 1 | 00013 | 00013 |
| 6 | Grievance No. 12-07-10, LOPEZ, David J. | 3 | 00014 | 00016 |
| 7 | Grievance No. 12-07-14, LOPEZ, David J. | 4 | 00017 | 00020 |
| 8 | NMCD Policy, CD 150500, dtd 1-25-2012 | 22 | 00021 | 00042 |
| 9 | NMCD Policy, CD 150500, dtd 2-23-2011 | 21 | 00043 | 00063 |
| 10 | Affidavit, Michelle Jaramillo, Policy Administrator, NMCD | 3 | 00064 | 00066 |